# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-3949-N (BF) |
| | § | |
| SMILEY KING, HERMAN KING and | § | |
| ALL OCCUPANTS, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management. Before the Court is Plaintiff The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2004-HYB5, Mortgage Pass-Through Certificates, Series 2004-HYB5's ("BNY") Motion to Remand and Motion for Attorney's Fees (doc. 6, "Motion to Remand"), filed on October 31, 2012. Defendants Smiley King and Herman King ("Defendants") failed to file a response, and the time to do so has expired. For the following reasons, the Court recommends that the District Court GRANT the Motion to Remand, but DENY the request for attorney's fees.

## Background

This case arises out of foreclosure proceedings initiated by BNY against the real property located at 9125 Oleander Way, Irving, Texas 75063 (the "Property"). BNY purchased the Property at a non-judicial foreclosure sale held on August 2, 2011. Subsequently, BNY made written demand on Defendants to vacate the Property, however, Defendants refused. Accordingly, BNY filed its Original Petition for forcible detainer in the Dallas County Justice of the Peace Court, Precinct 4,

Place 2 of Dallas County, Texas. Thereafter, BNY obtained a judgment in its favor, which Defendants appealed to the County Court at Law No. 2, Dallas County. The County Court at Law issued a judgment to BNY on December 14, 2011, but that judgment contained a clerical error. A Judgment Nunc Pro Tunc was issued to BNY on September 17, 2012. BNY obtained a Writ of Possession, but prior to executing said writ, Defendants filed their Notice of Removal in this Court.

Defendants filed their Notice of Removal on October 1, 2012, alleging that this Court has jurisdiction pursuant to federal question and diversity jurisdiction. (Not. of Rem. 2.) BNY filed a timely Motion to Remand, which is now ripe for determination.

## Standard of Review

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). In an action that has been removed to federal court, the removing party shoulders the burden of establishing the existence of federal subject matter jurisdiction. *Garcia v. Koch Oil Co. of Texas Inc.,* 351 F.3d 636, 638 (5th Cir. 2003). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

## Analysis

**Federal Question Jurisdiction**

Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Here, BNY's Original Petition does not present a question of federal law, as it only asserts a state-law cause of action for forcible detainer. *See Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (holding that forcible detainer actions do not raise federal-law claims). In their Notice of Removal, Defendants claim federal question jurisdiction exists because the case involves "the taking of real property without due process." (Not. of Rem. 2.) However, Defendants' due process claims arise, if at all, out of their own averments in their Notice of Removal and not from BNY's Original Petition, as required under the well-pleaded complaint rule. *See Gromer v. Mack*, 799 F. Supp. 2d 704, 708 (N.D. Tex. 2011) ("The question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and a defense that raises a federal question is inadequate to confer federal jurisdiction." (internal alterations and quotation marks omitted)). Therefore, the Court finds that it lacks federal question jurisdiction over this matter.

**Diversity Jurisdiction**

In cases brought pursuant to diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds

the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action, such as this one, is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *rec. adopted*, 2012 WL 4005760 (N.D.Tex. Sep. 11, 2012).

Here, the amount of damages has not been alleged in the state court petition, and Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In their Notice of Removal, Defendants claim that there is "diversity of parties", however, they fail to make any allegations concerning the amount in controversy. (Not. of Rem. 2.) Defendants have failed to establish the value of the right to occupy or possess the property at issue, and thus have not met their burden of demonstrating by a preponderance of the evidence that the jurisdictional minimum has been satisfied. The amount-in-controversy requirement has not been met, so the Court lacks diversity jurisdiction.

The Court further observes that Defendants are residents of the state of Texas. Under the "forum-defendant rule," an action may not be removed on the basis of diversity jurisdiction if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. 28 U.S.C. § 1441(b)(2). Plaintiff BNY filed suit in the state of Texas, so the forum-defendant rule would preclude Defendants' removal of the case. However, this defect in Defendants' removal is procedural, and not jurisdictional, and therefore must be raised by BNY within thirty days of removal. *See* 28 U.S.C. § 1447(c); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 396 (5th Cir. 2009). In its Motion to Remand, BNY did not object to removal based on the citizenship of

Defendants. The Court, therefore, does not rely upon the defect as a basis for recommending to remand the case.

**Timeliness of Removal**

A civil action must be removed within thirty days after the defendant has received a copy of the complaint, or within thirty days after the service of summons upon the defendant. 28 U.S.C. § 1446(b)(1). Failure of a defendant to remove within the thirty-day time limit is a procedural defect that must be raised within thirty days of removal. *See* 28 U.S.C. § 1447(c); *Elliott,* 2010 WL 4627833, at *4. In its Motion to Remand, filed within thirty days of removal, BNY objects to the removal based on it being untimely. The Court agrees. Defendants filed their Notice of Removal on October 1, 2012. BNY commenced its forcible detainer action on September 26, 2011, and Defendants were served on October 17, 2011. Defendants' removal of the case nearly a year later is clearly untimely.

**Attorney's Fees**

In its Motion to Remand, BNY also requests attorney's fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c). However, Defendants are proceeding *pro se* and *in forma pauperis,* and thus the Court cannot find that they had no "objectively reasonable grounds to believe the removal was legally proper." *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). *See also Elliott,* 2010 WL 4627833, at *5 (declining to award attorney's fees and costs because the court could not say that the removal was objectively unreasonable where the defendant was *pro se* and proceeding *in forma pauperis*). The Court recommends that the District Court decline to award BNY's requested attorney's fees, costs, and expenses.

**Recommendation**

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this removed action. Furthermore, Defendants' Notice of Removal was untimely filed. Accordingly, the Court recommends that BNY's Motion to Remand (doc. 6) be **GRANTED**. The Court further recommends that BNY's request for attorney's fees, costs, and expenses be **DENIED**. This case should be remanded back to Dallas County Court at Law No. 2 in Dallas, Texas.

**SO RECOMMENDED**, February 12, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).